O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARGELIA REYES-ZAMUDIO, | Case No. 5:24-cv-01705-CAS-GJS |
|---|---|
| Petitioner, | **ORDER DISMISSING CASE FOR MOOTNESS** |
| v. | |
| ELISEO RICOLCOL, Warden, | |
| Respondent. | |

### I.  INTRODUCTION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (dkt. 1), all documents filed and lodged in this action, the Report and Recommendation of United States Magistrate Judge (dkt. 15, "Report"), and Petitioner's Objections to the Report (dkt. 17).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.  Having completed its review, the Court finds that Petitioner's

///

claims have been mooted by her release from custody on December 5, 2024, warranting dismissal of this action.

## II. BACKGROUND

This case arises out of claims pursuant to the First Step Act ("FSA"), 18 U.S.C. §§ 3621, 3624, and 3632, as well as the Second Chance Act ("SCA"), 18 U.S.C. § 3624. On August 9, 2024, Petitioner Argelia Reyes-Zamudio ("Petitioner") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus against Eliseo Ricolcol, Warden of the Satellite Prison Camp in Victorville, California ("Respondent"), where Petitioner was incarcerated. Dkt. 1. Petitioner sought "2 months of Second Chance Act, for my immediate release." Id. at 3. In a "Supplement[al]" Petition, Petitioner sought "90 days of FSA ETC [Earned Time Credits] from January 25, 2024-August 8, 2024… for my immediate release." Dkt. 2. Further, in her Opposition, Petitioner asserted that she "should have been released on July 20, 2024 with all credits applied," and in her Surreply, that FSA and SCA credits entitled her to "immediate release." Dkt. 10 at 2; dkt. 13 at 2.

On September 4, 2024, Respondent filed a motion to dismiss the Petition, arguing, among other grounds, that Petitioner failed to exhaust administrative remedies. Dkt. 7 at 10. On October 15, 2024, the Honorable Magistrate Judge Gail J. Standish issued a Report and Recommendation, recommending that the Court grant Respondent's motion and dismiss the Petition for failure to exhaust available administrative remedies. Dkt. 15. On October 23, 2024, Petitioner filed her objections. Dkt. 17. Petitioner appears to argue that the Report declined to consider (i) that from January 25, 2024 to May 10, 2024, she participated in "productive" activities that are eligible for ETCs, including exercise fitness programs, active reading, and college courses for restaurant entrepreneurship; and (ii) that administrative remedies were unavailable to her, because after she was denied a BP-8 form, which is used to make an informal complaint in prison, she

was also denied a BP-9 form, which is used to make a formal complaint if the BP-8 form does not resolve the issue.  Id. at 1.

### III.   DISCUSSION

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Accepting plaintiff's allegation about the denied BP-9 form as true, the Court finds that Magistrate Judge Standish is still correct in her analysis that Petitioner failed to exhaust administrative remedies.  See Sare v. United States, No. CV 22-07207-DSF, 2022 WL 19076787, at *6 (C.D. Cal. Oct. 31, 2022) (finding that the petitioner's failure to exhaust could not be excused by his assertion that a unit manager denied his request for a BP-9 form); McKinney v. Shinn, No. CV-17-00648, 2017 WL 2312826, at *5 (C.D. Cal. Apr. 24, 2017), adopted by 2017 WL 2312350 (May 26, 2017) ("Petitioner's assertion that he requested an appeal form but never received one and therefore is being denied his administrative review also is insufficient to excuse the exhaustion requirement.").

Nevertheless, on December 5, 2024, after the issuance of Magistrate Judge Standish's Report, Petitioner was released from custody.  See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on February 20, 2025); United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP Inmate Locator).  Because Petitioner only challenged her immediate custody, see dkts. 1, 2, 10, 13, and because Petitioner is no longer in custody, there is no relief that the Court can give to Petitioner.  Therefore, her claims have been mooted, depriving this Court of jurisdiction.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("The parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and

likely to be redressed by a favorable judicial decision.") (citations and quotations omitted); North Carolina v. Rice, 404 U.S. 244, 246 (1971) (federal courts do not have jurisdiction to consider moot claims).  See also Sila v. Warden, No. EDCV 22-1632-RSWL-AS, 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023), adopted by 2023 WL 2504989 (Mar. 13, 2023) (dismissing petition for writ of habeas corpus based on FSA credits given that "Petitioner has now been released from BOP custody, the relief sought in the Petition is moot, and no further relief remains to be granted in this case.").

## IV. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report.  However, in light of Petitioner's subsequent release from custody, the Court dismisses the Petition as moot.  Accordingly, IT IS ORDERED that the Petition is DISMISSED.

Dated: March 3, 2025

CHRISTINA A. SNYDER
United States District Judge